UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JASON PAGAN,

                              Petitioner,          13-cv-5324 (PKC)(SN)

-against-

                                            ORDER ADOPTING REPORT
                                            AND RECOMMENDATION

THOMAS LAVALLEY,

                              Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       On January 18, 2017, Magistrate Judge Sarah Netburn issued a Report and Recommendation (the "R&R") recommending that the undersigned dismiss in its entirety the petition for writ of habeas corpus filed by Jason Pagan, pursuant to 28 U.S.C. § 2254. (Dkt. 67.) Pagan has not filed objections to the R&R.

       The R&R advised Pagan that he had 14 days from the service of the R&R to file written objections with the undersigned, and warned that failure to file such objections would result in a waiver of those objections for purposes of appeal. (R&R at 34.) It also directed the parties to contact the undersigned if they wished to request an extension of time to file objections. More than two months have passed since the R&R was filed and no objections or requests for extensions have been submitted to the Court.

       The R&R expressly called Pagan's attention to Rule 72(b), Fed. R. Civ. P., and 28 U.S.C. § 636(b)(1). Pagan received clear notice of the consequences of the failure to object and has waived the right to object to the R&R or obtain further judicial review of the magistrate's decision. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where

parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); see also Caidor v. Onondaga Cty., 517 F.3d 601, 604 (2d Cir. 2008). Where clear notice of the consequences of a failure to object has been provided, the Court may adopt an unobjected-to report and recommendation without de novo review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

The conclusions of Magistrate Judge Netburn are well-reasoned and grounded in law. On September 18, 2009, a jury found Pagan guilty of attempted murder, assault, and criminal possession of a weapon, and his conviction was affirmed on appeal. Pagan's petition challenges evidentiary rulings at trial, asserts that his conviction was based on insufficient evidence, and contends that both his trial counsel and appellate counsel were ineffective. The R&R concluded that all of Pagan's claims for relief fail on the merits, and that all claims other than the two for ineffective assistance of appellate counsel are procedurally barred on exhaustion grounds or because of an independent and adequate state law ground for decision. (See R&R 13-33.) The R&R thoroughly summarized the procedural history leading up to Pagan's conviction, subsequent appeals, and collateral proceedings. It reviewed the petitioner's obligation to procedurally exhaust his claims in state court under 28 U.S.C. § 2254(b)(1), the independent and adequate state ground doctrine, and also addressed the merits of Pagan's claims for relief.

The R&R is adopted, and the action is dismissed.

Pagan has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v.

Ercole, 661 F.3d 161, 163-64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and in forma pauperis status is therefore denied. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
April 19 2017