UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JASON PAGAN,

                    Petitioner,                    13-cv-5324 (PKC)(SN)

    -against-

                                                ORDER ADOPTING REPORT
                                                AND RECOMMENDATION

THOMAS LAVALLEY,

                    Respondent.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        In 2009, a jury in the New York Supreme Court, New York County, found petitioner Jason Pagan guilty of attempted murder, assault, and criminal possession of a weapon in connection with the 2008 shooting of a karaoke bar bouncer. The Appellate Division, First Department, affirmed the judgment. People v. Pagan, 88 A.D.3d 37 (1st Dep't 2011). The New York Court of Appeals denied leave to appeal. People v. Pagan, 17 N.Y.3d 954 (2011). Pagan pursued various forms of collateral relief. In July 2013, Pagan, proceeding *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, which he subsequently amended (the "Petition"). (Dkts. 2, 54). Magistrate Judge Sarah Netburn, to whom the Court referred the Petition, issued a Report and Recommendation (the "R&R") recommending that the Court dismiss the Petition in its entirety. (Dkts. 7, 67).

        The Court adopted the R&R after no party timely filed an objection, but vacated that Order after Pagan advised the Court that he had not received a copy of the R&R. (Dkts. 68, 70–72). The Court now reviews the R&R with the benefit of Pagan's objections. (Dkt. 74). For the reasons to be explained, the Court adopts the conclusion of the R&R.

Mailed to Jason Pagan July 26, 2018

DISCUSSION.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court conducts a de novo review of the R&R to the extent Pagan raises an objection. Id. In order to establish his entitlement to federal habeas relief for a claim adjudicated on the merits in state court, Pagan must show that (i) the state court's actions were "contrary to, or involved an unreasonable application of," clearly established federal law as determined by the United States Supreme Court, or (ii) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d); see Williams v. Taylor, 529 U.S. 362, 402–13 (2000).

In the Petition, Pagan argued that: (1) the evidence establishing him as Salome's shooter was insufficient; (2) the admission of evidence regarding his gang affiliation violated due process; (3) trial counsel was ineffective for failing to present testimony at the Sirois hearing; (4) appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness for failing to call an eyewitness testimony expert and a medical expert; and (5) appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness for failing to contest the admissibility of Pagan's statements to the police. After summarizing the case's procedural history and reviewing the applicable law, Magistrate Judge Netburn concluded in the R&R that all but one of Pagan's claims failed for procedural reasons and, further, that all of his claims failed on the merits.

As noted, the Court reviewed the R&R de novo, and the record on which it is based, to the extent that Pagan has raised an objection. See 28 U.S.C. § 636(b)(1); Rule 72(b),

Fed. R. Civ. P. The Court need not address in this Order all that it considered, but it has considered the entirety of the objections.[1]

I. Sufficiency of the Evidence.

The R&R concluded that Pagan's challenge to the sufficiency of the evidence was procedurally barred, unexhausted, and lacked merit. (R&R at 13–18). Regarding the procedural bar, the state court ruling on Pagan's CPL § 440.10 motion concluded that Pagan's failure to raise a legal sufficiency argument on direct appeal acted as a mandatory bar to review. (Id. at 13–14). On that basis, the R&R concluded that the state court relied on an independent and adequate state procedural rule in denying the claim, and there was no sufficient showing or circumstance to excuse the bar. (Id.). In his objections, Pagan argued that he did in fact challenge the sufficiency of the evidence on direct appeal. (Objections at 25).

On direct appeal, Pagan argued that the verdict contradicted the weight of the evidence and the conviction violated due process. (State Court Record ("SCR") (Dkt. 18-2) at SR-43–SR-66). The First Department concluded that the verdict was not against the weight of the evidence and its decision did not specifically address a legal sufficiency claim. (Id. at SR-154). Although Pagan cited to Jackson v. Virginia, 443 U.S. 307 (1979), in a brief on direct appeal, his claim and arguments on direct appeal related to the weight, not the legal sufficiency, of the evidence. (Id. at SR-43–SR-66). The Court thus adopts the R&R as to this claim.

II. Due Process Violation.

The R&R concluded that Pagan's due process challenge to the admission of evidence relating to his gang affiliation was exhausted, but procedurally barred and meritless.

---

[1] The Court has reviewed the portions of the R&R to which no objections were made for clear error and found none. See Rule 72(b), Fed. R. Civ. P. advisory committee's note to 1983 amendment. The Court adopts the R&R as to those parts.

(R&R at 20–23). Regarding the procedural bar, the R&R concluded that the bar applied because Pagan failed to preserve the claim for appellate review and there was no sufficient showing or circumstance to excuse the bar. (Id. at 20–21). Pagan objected to the R&R by arguing that his "appellate counsel contested the erroneous admission" of the gang affiliation evidence as a "due process error," and that such error is not harmless. (Objections at 25). He further objected to the prosecutor's reliance on this evidence to attack Pagan at trial and use it for propensity purposes. (Id.) None of Pagan's objections disturb the R&R's well-reasoned determination that Pagan's trial counsel failed to preserve the claim and that, even if preserved, the claim fails on the merits. The Court thus adopts the R&R as to this claim.

III.   Ineffective Assistance of Trial Counsel.

The R&R concluded that Pagan's ineffective assistance of trial counsel claim regarding the failure to present the testimony of Pagan's mother, Luz Igartua, at the Sirois hearing was exhausted, but procedurally barred and meritless.[2] (R&R at 23–27). Pagan objected to the R&R's determination that the claim should have been raised on direct appeal and not first asserted in a CPL § 440.10 motion. (Objections at 25). He argued that raising the claim on direct appeal was unnecessary "because it was supported by a sworn affidavit by LUZ IGARTUA that contained exculpatory facts that did not appear on record." (Id. (emphasis in original)). The Court concludes that the showing on the record does not amount to the "exceptional" circumstances necessary to justify excusing the procedural bar. See Cotto v. Herbert, 331 F.3d 217, 240 (2d Cir. 2003). The Court thus adopts the R&R as to this claim.

---

[2] The filings include references to Pagan's mother as both "Luz Guratua" and "Luz Igartua." (E.g., R&R at 3; Dkt. 62-1 at SR-79). The Court uses "Igartua" from Pagan's objections. (E.g., Objections at 15).

IV. <u>Ineffective Assistance of Appellate Counsel.</u>

In the Petition, Pagan argued that appellate counsel was ineffective for failing to argue trial counsel's ineffectiveness for failing to (i) present certain expert testimony and (ii) argue the admissibility of Pagan's statements to the police.

a. <u>Failure to Present Expert Testimony.</u>

The R&R concluded that Pagan's ineffectiveness of appellate counsel claim regarding expert testimony on the reliability of eyewitness identifications was exhausted, but meritless. (R&R at 27–31). Pagan does not specifically object to the R&R's reasoning, but rather repeats certain arguments from the Petition. The Court thus adopts the R&R as to this part.

The R&R does not specifically mention Pagan's related ineffectiveness of appellate counsel claim regarding expert medical testimony. (Pet. (Dkts. 54-2 & 54-3) at 17–19). For substantially the same reasons as stated in the R&R regarding the eyewitness expert claim, the Court concludes that the medical expert claim was exhausted, but fails on the merits.

b. <u>Failure to Argue the Admissibility of Pagan's Statements to Police.</u>

The R&R concluded that the ineffectiveness of appellate counsel claim regarding Pagan's statements to the police was procedurally barred and meritless. (R&R at 27–33). Pagan objected by arguing that arguments raised on the "admissibility of the admission" to the police were "brought before the [C]ourt of [A]ppeals" but "not on the record." (Objections at 25–26). Even if Pagan's assertion was viable, which the Court cannot conclude, it would not overcome the well-reasoned alternative conclusion of the R&R that the claim fails on the merits. The Court thus adopts the R&R as to this claim.

CONCLUSION

The ultimate conclusion of the R&R is adopted, and the action is dismissed.

Pagan has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir. 2011). This Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and *in forma pauperis* status is thus denied. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
July 26, 2018